CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 30 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

|  |  |
|---|---|
| BLAINE HARRINGTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 3:16-CV-00084 |
| AFRICAN AMERICAN MATCHMAKING, | : |
| Defendant. | : |

### PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT AFRICAN AMERICAN MATCHMAKING AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, BLAINE HARRINGTON, by and through its undersigned counsel, files this Motion for Entry of Final Judgment pursuant to Fed. R. Civ. P. Rules 55(b) and 58(d) and in support thereof states as follows:

This is a copyright infringement case involving the photograph titled "BER-01-19-02.jpg" ("Copyrighted Photograph") captured by Blaine Harrington ("Harrington").

Harrington timely registered the Copyrighted Photograph and therefore is entitled to a judgment for statutory damages in the amount of $15,750.00 in this case. In addition, Harrington is entitled to an injunction against AAM in accordance with 17 U.S.C. § 502.

## FACTS

1. Harrington is the principal photographer and owner of Blaine Harrington Photography. Harrington provides travel photography services to magazines, publishers, and advertising agencies throughout the world. [Harrington Decl. ¶ 2-4].

2. Harrington has previously licensed his photographs for a variety of uses, including major magazines, advertising, books, in both digital and print form. [Harrington Decl. ¶ 4].

3. In 2001, Harrington created the Copyrighted Photograph, attached as Ex. 1 to the original Complaint. The Copyrighted Photograph is original and created by Harrington. [Harrington Decl. ¶ 5] The Copyrighted Photograph is protected by copyright. [Harrington Decl. ¶ 7].

4. Harrington registered the Works with the Register of Copyrights on April 26, 2011 and was assigned the registration number VA 1-775-610. [Complaint Ex. B].

5. After Harrington became aware of Defendant AFRICAN AMERICAN MATCHMAKING's ("AAM") copying and displaying of the Copyrighted Photograph without his permission, Harrington filed a Complaint for Copyright Infringement on December 14, 2016 against AAM. [ECF No. 1].

6. The Copyrighted Photograph created by Harrington was labor intensive, marketable, high-quality, and expensive to produce. [Harrington Decl. ¶ 5].

7. AAM copied, displayed, and distributed the photographs without authorization to seven URLs on their commercial website. [Complaint ¶ 9, Ex. C].

8. On January 3, 2017, Harrington served AAM with a Summons and a copy of the Complaint by personal service. [ECF No. 4] Angela Coleman, AAM's owner, signed for the receipt of the Summons and a copy of the Complaint at her place of business. [ECF No. 4]. The time allowed for AAM to respond has expired and the Court has not granted AAM an extension of time to respond to the Complaint. AAM has failed to answer or otherwise respond to the Complaint, or serve a copy of any Answer or other response upon the Plaintiff's attorney of record.

9. The Clerk of the Court entered a default against AAM on February 10, 2017. [ECF No. 6].

10. Harrington seeks statutory damages, as defined in 17 U.S.C. § 504(c)(1).

## MEMORANDUM OF LAW
### I. SUBJECT MATTER JURISDICTION

The Court has jurisdiction over this matter because the action arises out of alleged violations of the Copyright Act and the Trademark Act, each of which are federal statutes. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Plaintiff's causes of action arise under federal law, the Court has jurisdiction over the subject matter of this litigation.

### II. PERSONAL JURISDICTION
#### A. SERVICE

On January 10, 2017, Plaintiff filed a Proof of Service demonstrating that Angela Coleman, owner of AAM, signed a U.S. Postal Service Certified Mail Receipt confirming

delivery of the Summons and Complaint on January 3, 2017 to the Defendant. [ECF No. 4.] The delivery of the Summons and Complaint was made to AAM's business address, which is listed on AAM's commercial website, www.africanamericanmatchmaking.com. [Exhibit 1]. Plaintiff subsequently filed the proof of service, obtained entry of default from the Clerk of Court, and filed the present Motion seeking default judgment against Defendant, as outlined above.

## B. SPECIFIC JURISDICTION

"[P]laintiff need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assoc., Inc.*, 115 F.3d at 773.

In determining whether personal jurisdiction exists over a particular defendant, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Shrader v. Biddinger*, 633 F.3d 1241 (10th Cir. 2011). In *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002), the Court stated:

> [A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person: (1) directs electronic activity into the State; (2) with the manifested intent of engaging in business or other interactions within the State; and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.

Personal jurisdiction over Defendant is proper in the Western District of Virginia because Defendant infringed Plaintiff's copyright by transacting business in this district. Defendant intentionally directed internet activity toward the state of Virginia by explicitly marketing its

services to individuals in Virginia. AAM's website, www.africanamericanmatchmaking.com, states: "We serve the entire United States geographical area, including its territories." [Exhibit 1]. Although the business is located in the U.S. Virgin Islands, AAM's services are conducted by telephone or Skype. [Exhibit 2]. Additionally, AAM actively solicits customers in Virginia. Angela Coleman, owner of AAM, is regularly featured on nationally syndicated radio programs, including The Tom Joyner Morning Show [Exhibit 3], which has affiliates in Lynchburg, VA (Vibe 100.1) and Elliston, Virginia (Vibe 100.1) [Exhibit 4]. The Tom Joyner Morning Show also has affiliates in Richmond, Virginia (Kiss 105.7), Petersburg, VA (Kiss 105.7) [Exhibit 5]. The listening area of Kiss 105.7 includes the Western District of Virginia. AAM has 22,060 members [Exhibit 6]. It defies statistical probability that a considerable number of AAM's active members are not residents of the Western District of Virginia, given the District's considerable African American population. In 2015, the United States Census estimated the total population of the State of Virginia at 8,382,993 and the African American population at 19.7% of the total population, or 1,651,449. [Exhibit 7]. By conducting business in the Western District of Virginia, AAM has subjected itself to potential causes of action in this state's courts, and therefore jurisdiction is proper in this district.

## C. VENUE

Venue is proper in a federal-question case in the judicial district where the defendant resides. 28 U.S.C. § 1391(b). A corporation is deemed to reside in any district "in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(d). AAM was

subject to personal jurisdiction in the Western District of Virginia at the time this action was commenced, and therefore venue is proper in this district.

### III. STANDARD FOR DEFAULT JUDGMENT

After a proper entry of default, the Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered. *Bixler v. Foster, 596 F.3d 751, 761* (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Prac. & Proc.* § 2688, at 63 (3d ed. 1998)). "There must be a sufficient basis in the pleadings for the judgment entered." *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206* (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the "sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445- LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith, 141 F. Supp. 2d 277, 281* (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. See *Olcott v. Del. Flood Co., 327 F.3d 1115, 1125* (10th Cir. 2003).

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a Default Judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the

facts thus established.'" *Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975). Harrington received an entry of default pursuant to Rule 55(a) on February 10, 2017. [ECF No. 6]. Harrington now seeks a final default judgment under Rule 55(b).

IV. ARGUMENT

A. AAM VIOLATED THE COPYRIGHT ACT, 17 U.S.C. § 501

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]. . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

1. Harrington Owns a Valid Copyright for the Works

Harrington's Copyrighted Photograph is an original and expressive pictorial, graphic, and sculptural works that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5). "Under § 410(c), the certificate is prima facie evidence of the validity of the copyright." *La Resolana Architects v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1203, (10th Cir. 2005). Harrington registered the Works pursuant to 17 U.S.C. § 411(a) and was given a Certificate of Registration, Registration Number VA 1-775-610, as of April 26, 2011. [Complaint Ex. B]. The certificate was registered within five years of first publication of the Works therefore Harrington is entitled to the

presumption of validity of the copyright for the Works and all facts stated in the copyright certificate under 17 U.S.C. § 401(c).

2. AAM Copied the Works

The copying element of an infringement claim has two components. *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012) *citing Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[B] (2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work "as a factual matter." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993). Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942-43 (10th Cir. 2002).

Here, Harrington has produced documents showing AAM's copying [Complaint Ex. C] and Defendant has been found in default by the Clerk of the Court. [ECF No. 6]. There is no factual or subjective issue of "substantial similarity" here, because the Copyrighted Photograph in question is a whole photograph and the copies made by AAM were exact copies and the entire image was taken. [Complaint Ex. A and Ex. C] Thus, AAM undisputedly copied Harrington's Copyrighted Photograph and a Final Default Judgment should be entered against AAM.

## B. THIS COURT SHOULD AWARD STATUTORY DAMAGES PURSUANT TO 17 U.S.C. § 504(c)(1) AND GRANT A PERMANENT INJUNCTION

### 1. Statutory Damages

Harrington is seeking statutory damages. To establish a claim of copyright infringement a plaintiff must establish by a preponderance of the evidence: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). In addition, copyright infringement may be considered willful when a Defendant defaults and decides not to defend against the action. See *Sony Music Entertainment v. Cassette Production, Inc.*, 1996 WL 673158, at *5 (D.N.J., Sept. 30, 1996). Statutory damages are particularly appropriate in a case in which a defendant has failed to mount any defense or to participate in discovery. *Jackson v. Sturkie*, 225 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

When copyright infringement is found, the copyright holder may elect to recover statutory damages against the infringer rather than recover actual damages. 17 U.S.C. § 504(a)(2). An award of statutory damages may be recovered between $750.00 and $30,000.00 for each infringement "as the court considers just." Id. § 504(c)(1). Statutory damages serve the dual purpose of punishing and deterring the infringer while compensating the copyright holder for the infringement. *Schiffer Publ'g, Ltd. v. Chronicle Books*, LLC, 2005 WL 67077 (E.D. Pa. Jan. 11, 2005).

The court has wide discretion in determining the amount of statutory damages to be awarded within the ranges provided by 17 U.S.C. § 405(c)(1)-(2). *Harris v. Emus Record Corp.*,

734 F.2d 1329, 1335 (9th Cir. 1984). The court is directed to do "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like. . . but with the express qualification that in every case the assessment must be within the prescribed [statutory range]. Within these limitations the court's discretion and sense of justice are controlling . . . " *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

Four factors control the appropriate amount of statutory damages. The factors are: (1) the infringer's profits and expenses saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer acted willfully. *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F.Supp. 458, 465 (E.D. Pa. 1987); *Rare Bluse Music, Inc. v. Guttadauro*, 616 F.Supp. 1528, 1530 (D. Mass. 1985).

Harrington concedes that any profits directly attributable to AAM's infringement would be speculative considering the nature of AAM's business and the importance, or lack thereof, of the Copyrighted Photograph on AAM's website and corresponding revenue. The second factor supports a statutory damages award above the statutory minimum. [See Harrington Decl. Ex. 1]. However, there is no need for "actual evidence" of an infringer's profits or a plaintiff's losses for maximum statutory damages to be appropriate. *L.A. News Serv. v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cor. 1998).

In this case, based on the date on which Harrington first posted the Copyrighted Photograph and the date on which AAM first began using the Copyrighted Photograph on its website, AAM very likely copied the Copyrighted Photograph directly from Harrington's

website, www.blaineharrington.photoshelter.com/image/I0000mizHK2akxKc, which contained specific information stating the photograph was: (1) registered with the U.S. Copyright Office; (2) the intellectual property of Harrington; and (3) could be properly licensed for advertising purposes. [Exhibit 8]. The public's interest in ensuring the integrity of copyrights is quite strong in this case because AAM's conduct is severe. Higher statutory damages will deter such conduct in the future. *Warner Bros. Enter. v. Caridi*, 346 F.Supp. 2d 1068, 1074 (C.D. Cal. 2004). Where defendants have ignored or disregarded notices of the need for licensing, willful infringement has been found." *Street Talk Tunes v. Vacaville Recreation Corp.*, No. CIV S-05-2401FCDJFM, 2006 WL 2423429, at *2 (E.D. Cal. 2006).

The third and fourth factors fit with the "goal of discouraging wrongful conduct." *Controversy Music v. Shiferaw*, No. C03-5254 MJJ, 2003 WL 22048519, at *2 (citing *Woolworth*, 344 U.S. at 233). An award of statutory damages in excess of the statutory minimum is appropriate because of AAM's willful conduct and the public interest in protecting and honoring copyrights against infringement.

2. Permanent Injunction

"Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 USCS § 502. A copyright holder that establishes past infringement and a substantial likelihood of infringement in the future is normally entitled to a permanent injunction against the infringer pursuant to §

502(a). *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555, (10th Cir. 1996). Here, past infringement is uncontested by default. [ECF No. 6].

### III. CONCLUSION

Harrington's Copyrighted Photograph is protected by copyright. AAM infringed upon Harrington's copyrights by copying and publishing Copyrighted Photograph without his permission or authorization. Harrington is entitled to a final default judgment granting the considerably more than the minimum statutory damages allowed under 17 U.S.C. § 504(c)(1), a permanent injunction from continued infringement under § 501, and any further relief the Court finds just and proper.

WHEREFORE, Harrington respectfully request entry of a final judgment in favor of Harrington in a separate document to be entered in the civil docket.

Harrington prays for a judgment that:

a. AAM and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with him, permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 106, and;

b. AAM pay Harrington statutory damages of $15,750.00 as provided in 17 U.S.C. § 504(c)(1).

Dated:  March 30, 2017

Respectfully submitted,

___/s/___*David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

SERVICE LIST

African American Matchmaking
Attn: Angela Coleman
P.O. Box 922
St. Johns, U.S. Virgin Islands 00831