CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 08 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BLAINE HARRINGTON, | ) |
| Plaintiff, | ) Civil Action No. 3:16CV00084 |
| v. | ) **MEMORANDUM OPINION** |
| AFRICAN AMERICAN MATCHMAKING, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff Blaine Harrington ("Harrington") filed this copyright infringement action against defendant African American Matchmaking ("AAM") on December 14, 2015, alleging violations of the Copyright Act, 17 U.S.C. § 101 et seq. The plaintiff has now filed a motion for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons stated, the motion will be granted.

### Factual Background

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001).

The plaintiff is an experienced, commercial travel and location photographer. Defendant is a matchmaking and dating website for African-American individuals. AAM currently has 22,060 members. On September 1, 2001, the plaintiff captured the photograph "BER-01-19-02.jpg" (the "Photograph"), and published the Photograph on April 17, 2011. Plaintiff registered the Photograph with the United States Copyright Office on April 26, 2011. Beginning on or about June 1, 2015, the defendant copied and posted the Photograph to accompany an article on the

website for African American Matchmaking ("AMM"). The defendant copied and posted the Photograph on no less than seven distinct URLs.

Plaintiff filed this copyright infringement action against AAM on December 14, 2015, alleging violations of the Copyright Act, 17 U.S.C. § 101 et seq. The record shows that the owner of African American Matchmaking was served on January 3, 2017. To date, African American Matchmaking has not filed a responsive pleading. An entry of default was filed against African American Matchmaking on February 10, 2017, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff has now moved for default judgment. The matter is ripe for review.

## Standard of Review

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process. See Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006). Prior to entry of default judgment, there must be an entry of default. See Fed. R. Civ. P. 55(a). After default is entered by the Clerk, a party may move the court for default judgment under Rule 55(b).

Upon default, all of the well-pleaded facts alleged in the complaint may be taken as true. See Ryan, 253 F.3d at 780 ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (internal citation omitted); see also Fed. R. Civ. P. 8(b)(6). Accordingly, in the default judgment context, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, No. 99-1508, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. Aug. 10, 1999).

Although the well-pleaded factual allegations in a complaint are accepted as true for purposes of default judgment, a party who defaults does not admit the allegations as to the amount of damages. See Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation – other than one relating to

the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"). Consequently, if the court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. In so doing, the court may conduct an evidentiary hearing under Rule 55(b)(2). The court may also make a determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award. See Anderson, 155 F.3d at 507 (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing").

## Discussion

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'n, Inc. v. Rural Tel. Serv., Inc., 499 U.S. 340, 361 (1991). The court believes that plaintiff has established that both elements are met. Plaintiff has shown that defendant copied the Photograph and that plaintiff owned a valid copyright. Thus, the court will address plaintiff's requested remedies. Plaintiff seeks the remedies provided by the Copyright Act, 17 U.S.C. §§ 502, 504(c) and 505: (1) an injunction prohibiting further infringing use of the Photograph, and (2) statutory damages in the amount of $15,750.

The Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Injunctive relief is appropriate when the nature of the infringement prevents an adequate remedy at law, and a permanent injunction is especially appropriate when a threat of continuing infringement exists. See M.L.E. Music v. Kimble, Inc., 109 F. Supp. 2d 469, 473 (S.D.W.Va.2000) ("Various district courts within this circuit have held that when a claim of copyright infringement has been proven, a

3

permanent injunction prohibiting further infringements is appropriate and routinely entered."). Here, plaintiff has proven a claim of copyright infringement and there is no indication that defendant intends to stop the infringement. Consequently, the court finds that a permanent injunction is appropriate.

The Copyright Act also allows for statutory damages. See 17 U.S.C. § 504(c)(1) ("The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements . . . in a sum of not less than $750 or more than $30,000 as the court considers just."). A plaintiff may elect statutory damages for copyright infringement whether or not there is adequate evidence of the actual damages suffered by plaintiff. See Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). District courts are afforded wide discretion in setting damage amounts. See F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952). In exercising this discretion, a district court considers the following factors: "(1) the expenses saved and profits reaped by defendants in connection with the infringement; (2) revenues lost by the plaintiffs; and (3) whether the infringement was willful and knowing or whether it was accidental or innocent." Jasperilla Music Co., MCA, Inc. v. Wing's Lounge Assoc., 837 F. Supp. 159, 161 (S.D.W.Va.1993). Statutory damages are particularly appropriate in cases in which the defendant has failed to mount any defense or participate in discovery, thereby increasing the difficulty in ascertaining any actual damages. Jackson, 255 F. Supp. 2d at 1101. Here, the plaintiff urges the court to award statutory damages of $15,750.

In light of the fact that the defendant has defaulted, the defendant has not demonstrated that the infringements were innocent. Instead, the plaintiff has pled that the infringements were committed willfully. Compl. ¶ 14. By virtue of the default, the court accepts these allegations as

4

true. See Ryan, 253 F.3d at 780. When the infringement is willful, "courts typically award substantially more than the minimum of statutory damage." EMI April Music Inc. v. Rodriguez, 691 F. Supp. 2d 632, 635 (M.D.N.C. 2010). An increased award "serves the deterrent purpose of the statute." Id. (citing F.W. Woolworth Co., 344 U.S. at 233). Here, plaintiff has pled that AAM copied and posted the Photograph to seven distinct URLs. Plaintiff seeks three times the amount of the minimum statutory award for each violation. Taking into consideration AAM's willful infringement, and to deter future violations, the court will grant plaintiffs' request and award plaintiff a total of $15,750 in statutory damages.

## Conclusion

For the reasons stated, the court will grant plaintiff's motion for default judgment. Judgment will be entered in favor of plaintiff against African American Matchmaking in the amount of $15,750, and African American Matchmaking will be enjoined from any further infringement.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to African American Matchmaking and all counsel of record.

DATED: This 8th day of May, 2017.

_____
Chief United States District Judge